```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 00-6109-CIV-GONZALEZ
                                       (91-6063-CR-GONZALEZ)
                              MAGISTRATE JUDGE SORRENTINO
```

LIBARDO MEYENDORIF-ALVAREZ,

    Movant,

v.                                            REPORT RE DISMISSAL
                                              OF §2255 MOTION
                                              AS TIME-BARRED

UNITED STATES OF AMERICA,

    Respondent.

FILED by ___ D.C.
MAG. SEC.
FEB - 3 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    Libardo Meyendorif-Alvarez, a federal prisoner currently confined at the Federal Correctional Institution in Marianna, Florida, has filed a pro se "motion by defendant Libardo Meyendorif-Alvarez seeking dismissal of any indictment, due to actual innocence," which is in legal effect a motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction in 91-6063-Cr-Gonzalez.

    The motion was signed under penalty of perjury on January 13, 2000, and filed by the clerk of court on January 18, 2000. The judgment of conviction in the underlying criminal case, No. 91-6063-Cr-Gonzalez, became final on December 28, 1993 when the



Eleventh Circuit dismissed his appeal pursuant to a motion to withdraw.[1]

This is Meyendorif-Alvarez' third attempt to have his conviction and sentence set aside in Case No 91-6063-Cr-Gonzalez through postconviction collateral proceedings. Civil Case No. 96-6595-Civ-Gonzalez was dismissed on July 14, 1998 upon the movant's motion for voluntary dismissal; and Civil Case No. 98-6999-Civ-Gonzalez was dismissed as time-barred on March 25, 1999. A motion for a certificate of appealability as to Case No. 98-6999-Civ-Gonzalez was denied on July 7, 1999.

No order to show cause was issued in this case because the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255.

Courts may sua sponte consider the issue of the timeliness of a motion to vacate even when the statute of limitations is not pleaded as a defense by the government. United States v. Terry, 1997 WL 662477 (N.D.N.Y. 10/22/97) (addressing the issue of

---

[1] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986).

timeliness under AEDPA sua sponte although the government did not contend petition was time-barred); Rivalta v. Artuz, 1997 WL 401819 (S.D.N.Y. 7/16/97) (same); Scire v. United States, 1997 WL 138991 (E.D.N.Y. 3/24/97) (same).

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Eleventh Circuit has adopted a one year grace period (the equivalent of the new limitations period) in the context of a §2255 motion where the conviction became final prior to the effective date of the AEDPA limitations period. Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998). Because Meyendorif-Alvarez' conviction became final prior to the effective date of the AEDPA,

3

he is entitled to the benefit of the one year grace period. This motion, filed on January 13, 2000,[2] is untimely.

Moreover, the claim is also without merit. Meyendorif-Alvarez maintains that his conviction must be vacated because he was never advised of his rights pursuant to Article 36 of the Vienna Convention.

A foreign national who has been arrested must be informed of his right to contact his consul pursuant to the Vienna Convention. See Vienna Convention on Consular Relations, Apr. 24, 1963, art. 35, 21 U.S.T. 77, 101. However, rights created by international treaties are not equivalent to constitutional rights; and the movant must establish prejudice resulting from the failure to inform him of his right to contact his consul. See Faulder v. Johnson, 81 F.3d 515 (5 Cir. 1996) citing United States v. Valenzuela-Bernal, 458 U.S. 858 (1982); See also United States v. Holland, 876 F.2d 1533 (11 Cir. 1989). Of course, Meyendorif-Alvarez had legal counsel in this case. He neither demonstrates

---

[2] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

nor alleges prejudice resulting from the failure to advise him of his right to contact his diplomatic consul.

It is therefore recommended that this motion to vacate be dismissed, as time barred, and alternately without merit.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: February 2, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Libardo Meyendorif-Alvarez, <u>Pro Se</u>
    Reg. No. 42652-004
    Federal Correctional Institution
    P. O. Box 7007
    Marianna, FL 32447