UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

USDC case no: 00-6109-CIV-GONZALES
(91-6063-CR-GONZALES)
MAGISTRATE JUDGE C. SORRENTINO

LIBARDO MEYENDORIF-ALVAREZ,

    MOVANT,

VERSUS

UNITED STATES OF AMERICA,

    RESPONDENT,

---

Comes now, Libardo Meyendorif-alvarez(movant), who gives further notice that the <u>Report Re: Dismissal of §2255 Motion as Time-Barred</u>, is out of place and contrary to settled law. Under the law of due process (process due), the sitting federal courts are to ensure the rights of a movant by actively enforcing the individual rights that are protected under the Constitution of the United States, its law[s], or treaties made in pursuance thereof. <u>MARBURY V. MADISON, 5 US(1 CRANCH) 137 (1803), US V. LOMBERA-CAMORLINGA, 170 F.3d 1241 (1999), STATE V. REYES, 740 A. 2d 7 (1999).</u> Because the movant has not been provided with Sixth Amendment's guaranteed assistance of counsel at all stages of the criminal proceedings, the moant wishes to obtain his liberty as a matter of law. To support just cause, the following is

being presented:

1.   Current federal law under Title 28 USC§2255 was enacted on April 24, 1996, and is valid law as it applies to all decisions/ judgments/commitments that became final on or after the date of its enactment. The new law AEDPA of 1996 does not apply to any case decided before its enactment, because of its new legal ... that attach to those cases finalized before its enctment. LANDGRAF V. USI FILM PRODS., 511 US 244 (1994) cited in LINDH V. MURPHY, 138 LED 2d 871 (1997).

2.   The Vienna Convention Treaty Act of 1963/1969(Title 21 UST §77 article 36 (1) (b), and (2) are comprehensive in the rights to be protected and the enforceability of the individual right[s]. Under paragraph two the language there specifically forbids any law to be enacted or enforced by any judicial branch, executive branch, or legislative branch agent. In essence the magistrate judge's Report and Recommendation is erroneous.

3.   The movant is entitled to file such a motion for relief at any time. Title 28 USC§2255 (1966-1996) paragraph two. The reason that this is true and that this was not repealed by Congress, is because it deals only with the fact of jurisdiction which can not be waived by a movant(defendant), and can be raised at time, in that, a movant is actually and factually innocent of legal authority or power of the sentence imposed. To simple.

2

## DISCUSSION OF THE THEORY

The respondent was duty bound by the Supreme Law of the Land, to inform the movant of the the individual right[s] at the time of arrest. The inherent right to know can not be disregarded, and liability attaches as a matter of law. Denial of due process is a crime that has been addressed by Title 42 United States Code Chapter 21 Section 1981 et. seq. provisions. Congress has also provided a completely comprehensive law under the Habeas Corpus Statutes that allow for redress of those same injuries suffered at the hands of the federal government. There is no legal way for the federal government to prohibit a state agent or agency from violating the civil right[s] of any person, and then violates those same protected rights under the color of federal authority. The thought alone is nonsense.

What has occurred here in this particular case at bar, is that the magistrate declares that "yes" the respondent denied the movant of the right to know, however, because the court appointed attorney did not enforce the individual right[s] of the movant, by objecting as the law requires under The Fedral Rules of Criminal Procedure Rule 12 (b), and (f), this movant must suffer the unjustly obtained conviction. Without question the movant entered a plea without that plea being knowing or voluntary either one. Relief is obtainable where the facts are without dispute that the movant was convinced or compelled to enter the plea unkowingly and involuntarily.

## IN CLOSING

It appears more appropriate now than at first that relief should be given as a matter of law and fact. Fact is the magistrate judge conceeds that the legal duty of the respondent to inform the movant was not observed. Fact is the magistrate has identified in the records, or files of the case history the fact that court appointed counsel did not file any pretrial objection of suppression motions linking the the respondent's negligence or failure to the movant's individual right to know, or due process. Fact is the magistrate judge's Report and Recommendation implies that the movant is unjstly incarcerated and is being held in violation of the Supreme Law of the Land, and Title 28 USC§2255 (1948-2000).

Wherefore, it is the right of every living person to know and make a voluntary waiver of any personal right[s], and to the process due to him as a human being endowed with certain unalienable right[s]. The facts support just cause to grant relief, in that, the magistrate judge has made notice of numerous violations of duty of the respondent and has made notice that court appointed cousel has denied the movant of the lawful assistance of counsel. Because of these facts and the the others that have not been mentioned, the movant seeks his immiediate release from the unjust incrcertion.

MEMORANDUM OF SUPPORTING AUTHORITY

The Supreme Court has decided the untimeliness issue of the AEDPA of 1996, and held beyond question that the timeliness issue is not a jurisdictional bar to the courts or a procedural bar, either. TREST V. CAIN, 118 S. Ct. 478, 139 LED 2d 444, (1997), and CALDERAN V. UNITED STATES DISTRICT COURT, 128 F.3d 1283 (1997), cert. denied, 118 S. Ct. 899, 139 LED 2d 844 (1998). It is most improper for the magistrate not to inform the district court of favorable authority. The next supporting authority has come from the massive rumble behind different treatment for different persons. The federal courts have held that when any attorney fails or neglects to provide the assistance of counsel that is guaranteed and set out in Title 18 USC§3006A (a), that due process has been denied or infringed in unconstituitonal manner. Loss of jurisdiction occurs whenever any court lacks jurisdiction to impose a sentence. The loss of judicial power renders the entire sentence imposed in violation of the individual right[s] of the movant to due process and fairness. void or voidable as a matter of law.

Therefore, in that, the new law did not come into effect until after the movant had completed his offense of conviction, and because the movant relied on the statutory provisions of §2255 (1966-1996), and because this is jurisdictional matter, where the respondent had no legal authority to hail the movant before the district court in the first instance, the movant prays relief.

Certificate of srrivce/29 USC§1746 (2)

I declare under the penalty of perjury that the foregoing is true and correct. A copy of the above has been sent by US mail postage prepaid to:

AUSA, 99 NE 4th Street, Miami, FL 33132

executed on _____  _____

                                   Libardo Meyendorif-Alvarez
                                   42652-004
                                   PMB 7007 N/A
                                   Marianna, FL 32446-7007